UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

No. 1:26-cv-02811

**Luna Perez,**
*Petitioner,*
v.
**Collins, et al.,**
*Respondents.*

## ORDER

Agustin Luna Perez is a native and citizen of Mexico currently being detained by Respondents pending removal proceedings pursuant to 8 U.S.C. § 1225(b)(2). He filed a petition for writ of habeas corpus demanding his immediate release or an individualized hearing, a declaration that his continued detention is unlawful, and an injunction against transfer outside the Western District of Texas while this matter is pending. Because his detention is lawful, his petition and request for injunctive relief are denied.

## BACKGROUND

Petitioner last entered the United States without inspection in or around 2003. Petitioner was detained by federal immigration authorities on March 2, 2026, following a traffic stop and was transferred to the T. Don Hutto Detention Center in Taylor, Texas where he is currently detained.

This is Petitioner's second petition for a writ of habeas corpus. *See* Order, *Luna Perez v. Collins, et al.*, No. 1:26-CV-0819, (W.D. Tex. May 18, 2026), ECF No. 11 (denying Petitioner's petition for writ of habeas corpus). Petitioner filed the present petition on October 5, 2026, contesting his detention and

seeking immediate release or an individualized bond hearing. The Court ordered Respondents to show cause why the writ should not be granted. Respondents answered, Petitioner replied, and the Court now addresses the petition.

## LEGAL STANDARD

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. CONST. art. I, § 9, cl. 2). Through 28 U.S.C. § 2241, Congress authorized federal district courts to entertain habeas corpus petitions, including petitions brought by noncitizens such as Petitioner, challenging the lawfulness of their immigration detention. *See Demore v. Kim*, 538 U.S. 510, 516–17 (2003) (confirming section 2241 jurisdiction over a constitutional challenge to immigration detention); *see also Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). The writ exists to "grant relief from unlawful imprisonment or custody," *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976), and does not reach a challenge to a final order of removal, which Congress has channeled exclusively to the courts of appeals, *see* 8 U.S.C. § 1252(a)(5).

To obtain the writ, a petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3); *see Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam). The petitioner bears the burden of demonstrating that the challenged custody is unlawful, and the Court must "summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

## ANALYSIS

Petitioner asserts that his pre-removal detention is unlawful because it violates due process, the Administrative Procedure Act (APA), and equal protection. His arguments, however, fail.

Petitioner's lead argument is that his detention without a bond hearing violates both procedural and substantive due process. But the Fifth Circuit has rejected both arguments, holding that "due process does not entitle [Petitioner] to additional proceedings beyond what Congress has provided[,]" and that an alien "ha[s] no substantive due process right to freedom from custody pending removal proceedings[.]" *Rodriguez v. Vergara*, __ F.4th __, 2026 WL 3181188, at *5, 12 (5th Cir. Oct. 23, 2026) (en banc). Because Congress expressly authorized detention of an alien "for a [removal] proceeding" without an individualized bond hearing, *id.* at *3 (alteration in original) (quoting 8 U.S.C. § 1225(b)(2)(A)), Petitioner's due process claim thus fails, *id* at *7.

Petitioner argues that his detention nonetheless violates due process because it is prolonged and indefinite, emphasizing that Petitioner has now been held for over 6 months. But that argument fails too. "So long as an alien's detention pending removal has a definite termination point—removal or release—his or her continued confinement without bond hearing does not offend due process." *Id.* at *13 (cleaned up). Here, "removal remains a viable prospect," so "continued detention . . . does not violate due process." *Id.* The Due Process Clause therefore does not require either immediate release or a bond hearing. Petitioner's arguments attacking the fairness of a bond hearing are thus irrelevant.

Petitioner's APA argument fares no better for the reasons set forth in Part III of this Court's decision in *Tapia v. Mullin*,

834 F. Supp. 3d 718 (W.D. Tex. 2026). APA relief is available only when "'there is *no other adequate remedy* in a court[.]'" *Id.* at 726 (quoting 5 U.S.C. § 704). Petitioner's APA claim thus fails because, "[b]y requesting habeas relief[,] . . . Petitioner admits that an adequate remedy exists outside of the APA." *Id.*

Petitioner's equal protection argument also fails for the reasons set forth in this Court's decision in *Hernandez v. Collins*, No. 1:26-CV-02242, 2026 WL 2790690, at *2 (W.D. Tex. Sept. 17, 2026). The Government is permitted to "pursue legitimate purposes by any means having a conceivable rational relationship to those purposes" if they "do not burden a fundamental right or target a suspect class." *Smith v. Davis*, No. 2:17-cv-0013, 2017 WL 1857442, at *3 (N.D. Tex. Mar. 28, 2017) *report and recommendation adopted*, No. 2:17-cv-13, 2017 WL 1857240 (N.D. Tex. May 5, 2017) (quoting *Stern v. Tarrant County Hosp. Dist.*, 778 F.2d 1052, 1054 (5th Cir. 1985) (en banc), *cert. denied*, 476 U.S. 1108 (1986)). Respondents are currently treating Petitioner and similarly situated individuals similarly, as they are all being detained without bond under 8 U.S.C. § 1225(b). And Respondents have a compelling reason to treat Petitioner differently from previous administrations that gave people like him individualized bond hearings, because Respondents are doing what Congress instructed. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026) (explaining that section 1225 "unambiguously provides for mandatory detention").

Petitioner is also not entitled to an injunction against transfer outside the Western District of Texas during the pendency of his petition. Petitioner presents no persuasive reason for the Court to enter an injunction prohibiting his transfer out of this district. *See, e.g.*, *Gonzalez v. Ybarra*, No. 3:25-cv-00656, 2026 WL 93140 (W.D. Tex. Jan. 7, 2026) (denying a request for

a temporary restraining order enjoining the petitioner from being transferred from a district). He has provided no reason why his transfer would be unlawful. And as this order explains, his detention is, in fact, lawful. Without a successful claim on the merits, no relief can be had. *See VRC LLC v. City of Dallas*, 460 F.3d 607, 611, 615–16 (5th Cir. 2006) (stating "[t]he party seeking a permanent injunction must . . . establish [] success on the merits[,]" and denying a permanent injunction for failure to prevail on the merits). Petitioner's request for an injunction is denied.

* * *

The petition for writ of habeas corpus is denied.

The Clerk is directed to serve this Order electronically on the United States Attorney's Office for the Western District of Texas.

*So ordered by the Court on November 16, 2026.*

ANDREW DAVIS
United States District Judge